*Formatted for Electronic Distribution*                                                                                        *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

    **David W. Mack,**
        **Debtor.**

Filed & Entered
On Docket
February 16, 2011

Chapter 13 Case
# 10-11538

### ORDER
### TO SUPPLEMENT CONFIRMATION ORDER

        The Debtor filed a chapter 13 plan on December 20, 2010 (doc. # 8). The Debtor's plan proposed, inter alia, to make direct mortgage payments to creditor HSBC Mortgage Services, Inc. ("HSBC") in the amount of $1,558.02 per month (see doc. # 8, ¶ 3). On January 5, 2011, HSBC filed an objection to confirmation of the plan (doc. # 15), arguing that the plan failed to provide for payment of the $1,558.02 due for the pre-petition arrears in accordance with HSBC's proof of claim (claim # 2). On January 14, 2011, the Debtor filed an amended plan (doc. # 17) that did not alter the treatment of HSBC's claim. HSBC withdrew its original objection (see docket entry dated January 31, 2011), but subsequently filed an objection to confirmation of the amended plan (doc. # 23) on the same grounds.

        The Court held a hearing on confirmation of the Debtor's amended chapter 13 plan on February 8, 2011, at which Steven J. Kantor, Esq. appeared on behalf of the Debtor, Shawn M. Masterson, Esq. appeared on behalf of HSBC, and Jan M. Sensenich, Esq. appeared as the chapter 13 Trustee. At the hearing, HSBC declined the opportunity to file a memorandum of law on any legal issues. The Court entered a ruling on the record at that hearing, and enters this Order to memorialize the ruling articulate its rationale. The two issues presented were whether the Debtor must make mortgage payments during the term of his plan through the chapter 13 plan (i.e., as "conduit mortgage payments") and whether HBSC's proof of claim properly classifies the December 2010 mortgage payment as a pre-petition arrears.

        The facts are not in dispute. The December 2010 mortgage payment became due to HSBC on December 1, 2010. On December 9, 2010, the Debtor filed a voluntary chapter 13 petition. The Debtor attempted to make a payment to HSBC by telephone, as this was the Debtor's usual method of payment, but HSBC refused to accept payment because of the bankruptcy filing. Therefore, the Debtor mailed his payment to HSBC by U.S. mail. The parties opted not to present evidence at the February 8th hearing on when the payment was mailed or received, but the payment was posted on December 28, 2010. HSBC stated that it does not dispute that the payment was posted in December and takes the position that the Debtor is contractually current on the mortgage.

The Court finds that it was not unreasonable for HSBC to have concluded that the Debtor was not current as of the petition date. However, it is factually accurate for the Debtor to assert that he was not in default as of the petition date. Therefore, the Court will not require the Debtor to make mortgage payments to HSBC through the plan as Conduit Mortgage Payments (as he would be required to do if her were in default on the petition date).

With respect to the proof of claim question, HSBC does not dispute that the Debtor made the December mortgage payment in satisfaction of his contractual obligation; HSBC reported at the February 8th hearing that the Debtor was contractually current at this time. Therefore, the Court finds that, under the facts and circumstances presented, HSBC should not have filed a proof of claim showing a pre-petition arrears and when the Debtor made the post-petition mortgage payment in December, HSBC should have applied it as the December 2010 mortgage payment.

Accordingly, IT IS HEREBY ORDERED that:

1. the Debtor shall not be required to make conduit mortgage payments;
2. by March 1, 2011, HSBC shall modify its records to reflect the following:
   a. to apply the payment the Debtor made post-petition, in December, as the December 2010 mortgage payment,
   b. to apply the payment the Debtor made in January as the January 2011 mortgage payment, and
   c. to apply the payment the Debtor made in February as the February 2011 mortgage payment,

   so that its records accurately reflect the fact that the Debtor is contractually current post-petition, as of this date; and
3. by March 1, 2011, HSBC shall file an amended proof of claim showing the Debtor owes it no pre-petition arrears.

SO ORDERED.

February 16, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

2